

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

April 14, 1939

Honorable Tom C. King
State Auditor
Austin, Texas

Opinion No. O-144
Re: Examination of domestic and
foreign insurance companies.

Dear Sir:

Your letter of January 13, 1939, hereinafter set out, has received the careful attention of this Department.

We acknowledge with thanks the assistance rendered us through numerous conversations with Mr. T. M. Markham of your Department. In this connection, we have also received helpful information from the Honorable R. L. Daniel, former Chairman of the Board of Insurance Commissioners and members of his department.

Your letter is as follows:

"Articles 4690, 4690a, 4690b and 4690c provide for the examination of insurance companies chartered in, or doing business in, the State of Texas, and for appointment, qualification, compensation etc. of examiners therefor.

"Your opinion is respectfully requested regarding the following:

(1) The authority of the Chairman of the Board of Insurance Commissioners of Texas to accept examination reports from examiners not commissioned by him in writing.

(2) The authority of actuaries or examiners to accept compensation (either per diem or otherwise), gratuity, or refunds of expenses incurred by them from any insurance company, while commissioned by the Chairman of the Board of Insurance Commissioners of Texas.

(3) In case of violation of authority in No. 2 above, what penalty is provided."

The first sentence of Article 4690, Revised Civil Statutes, 1925, as amended by Chapter 152, Acts Regular Session, 42nd Legislature, 1931, reads as follows:

"The Chairman of the Board of Insurance Commissioners shall, once in each two years, or oftener if he deems necessary, in person

or by one or more examiners commissioned by him in writing, visit each company organized under the laws of this State and examine its financial condition and its ability to meet its liabilities, as well as its compliance with the laws of Texas affecting the conduct of its business; and he may similarly, in person or by one or more commissioned examiners, visit and examine, either alone or jointly with representatives of the insurance supervising departments of other States, each insurance company not organized under the laws of this State but authorized to transact business in this State . . ."

Article 4690a provides that the expenses of all such examinations shall be borne by the insurance companies examined and that the sums received for such purposes shall be deposited in the Insurance Examination Fund of the State Treasury. From such Fund, it is prescribed that the salaries and expenses of all necessary actuaries and examiners of the department shall be paid. This statute also authorizes joint examinations between representatives of the State of Texas Insurance Department and similar departments of other States.

Article 4690b authorizes the appointment of certain actuaries and examiners and prescribes the maximum salaries that each shall receive. The last paragraph of this Article reads as follows:

"Neither the actuary to the Board of Insurance Commissioners nor any examiner or assistant shall continue to serve as such if, while holding such position, he shall, directly or indirectly, accept from any insurance company, any employment or pay or compensation or gratuity on account of any service rendered or to be rendered or on any account whatsoever."

Article 4690c provides that examiners and assistant examiners shall take an oath of office and file a bond conditioned as prescribed by said Article.

We call your special attention to the difference in the requirement of Article 4690, as amended, in regard to examination of insurance companies organized under the laws of this State and the examination of other companies organized under laws of other States but having permits to do business in Texas. It is our opinion that the requirements of the statute in regard to examinations of domestic companies at least once every two years are mandatory. It is equally apparent that the examination of foreign companies with permits to do business in Texas is not mandatory, but may be made by the Chairman of the Board of Insurance Commissioners, or his representative, if, in his judgment, such examination should be made.

Since the statutes prescribe that the mandatory examinations must be made by examiners commissioned by the Chairman in writing, it is our opinion that the acceptance by the Chairman of reports from examiners not commissioned by him in writing would not be a proper and sufficient compliance with these requirements of the statutes. By this we do not mean that it is improper for said chairman to receive and have among the papers and files of his office

reports made by non-commissioned examiners, but it is our opinion that the acceptance of such reports does not constitute a compliance with the mandatory provisions of these articles.

It is, therefore, our opinion that question No. 1 should be answered as follows:

At least one examination every two years of each insurance corporation organized under the laws of the State of Texas must be made by the Chairman of the Board of Insurance Commissioners or his examiners, duly commissioned in writing. While said chairman may accept reports from non-commissioned examiners for the benefit of such information as they may contain, yet such reports and such examinations would not satisfy the mandatory provisions of the statute. In regard to insurance corporations not organized under the laws of the State of Texas but operating in Texas under permits to do business in Texas, it is our further opinion that no mandatory examination of such companies is required by statute. If, however, said Chairman determines that such examination should be made, the same must be made by a duly commissioned examiner, which commission must be in writing. If, on the other hand, said Chairman determines that such examination of foreign companies is not necessary, there is, in our opinion, no statutory objection to his receiving reports from non-commissioned examiners for such information as they may contain.

In answer to question No. 2, it is clear from the above quoted portion of Article 4690b that actuaries, examiners and assistant examiners of the Board of Insurance Commissioners cannot continue to serve as such if, while holding such position, they shall directly or indirectly receive or accept from any insurance company any employment or pay or compensation or gratuity on account of any service rendered or to be rendered or on any account whatsoever.

In answer to question No. 3, the statute does not prescribe a penalty for a violation of the prohibited act except to disqualify such employees from further continuing to represent the State in said capacities. In our opinion the penalty should be the removal of such employees from the positions they hold, unless their acceptance of such consideration constitutes a violation of specific criminal statutes, in which event, the penalties prescribed by such statutes could also be inflicted.

We trust that this is the information you desire.

VWB:N:LM

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly
ATTORNEY GENERAL OF TEXAS
By (Signed) Victor W. Bouldin
Victor W. Bouldin
Assistant